# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CHRIS STREETER,**
        **Plaintiff,**

    **v.**                                        **Case No. 07-C-299**

**SOO LINE RAILROAD,**
        **Defendants.**

## DECISION AND ORDER

This is a personal injury action brought pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51, et seq. Before me now is plaintiff's motion, brought under Fed. R. Civ. P. 37, to sanction defendant for a purported violation of discovery rules. The dispute centers around the production of plaintiff's transcribed statement and his written statement, both of which were obtained by the defendant shortly after the accident. On July 9, 2007, plaintiff served defendant with written discovery requests, including a request for the production of "statements of the plaintiff given to defendant in connection with the occurrence complained of." Defendant did not respond to these requests within the time provided by the Federal Rules of Civil Procedure. However, the plaintiff did not complain about this failure until May 19, 2008, the day before plaintiff's deposition, when plaintiff's lawyer asked defendant about the status of the responses. Until plaintiff's inquiry, defendant apparently did not realize that the requests were outstanding, and after the reminder defendant promptly put together its responses and served them on June 10, 2008.

In the meantime, defendant deposed the plaintiff. On the morning of the deposition, plaintiff's counsel made a verbal request to defendant for copies of the statements at issue.[1] Defendant produced the statements and the deposition proceeded as planned. For all the present record reveals, plaintiff's lawyer did not object to proceeding with the deposition at that time, nor did he request that the deposition be adjourned so that he could examine the statements and discuss them with his client prior to the deposition. Indeed, it is hard to see how plaintiff was prejudiced by defendant's untimely production. A month and a half later, however, plaintiff filed the present motion for sanctions based on defendant's failure to produce the statements until the morning of the deposition.[2]

Plaintiff's motion is denied. First, I note that plaintiff has failed to identify the standard by which I would evaluate whether sanctions are appropriate. Although he cites Rule 37 generally, he does not cite the specific provision of the rule that he believes supports his request for sanctions. Rule 37 contains a number of different provisions dealing with sanctions for discovery violations, making a general citation to "Rule 37" unhelpful.

Second, plaintiff's motion does not reveal a violation of any subsection of Rule 37 or any other rule governing the conduct of discovery. Indeed, it does not appear that defendant

---

[1] Defendant has submitted an affidavit stating that plaintiff requested the specific statements at issue just before the deposition commenced. (Frazier Aff. ¶ 4.) This suggests that plaintiff's counsel knew that the statements existed before he asked for them. However, plaintiff's motion suggests that plaintiff's lawyer was surprised to learn at the start of the deposition that the statements existed. (Mot. for Sanctions ¶ 8.) Because defendant has submitted an affidavit supporting its factual assertion and plaintiff has not, I will accept defendant's version of events.

[2] Plaintiff contends that the statements should have been produced in response to his discovery requests and as part of defendant's Rule 26(a)(1)(A)(ii) disclosures. However, defendant correctly notes that a party need not include in its initial disclosures documents that will be used solely for impeachment. An adverse witness's statement is a document that is normally used solely for impeachment since, if the witness testifies consistently with the statement, there will be no need to use it. Thus, defendant's only obligation was to produce the statements in response to a specific request for them.

did anything wrong at all. Although defendant missed the deadline for responding to plaintiff's discovery requests, that is not a sanctionable offense. Parties routinely grant each other extensions, and since plaintiff did not make a fuss over defendant's failure to respond to his requests until months after he served them, plaintiff in essence granted defendant a de facto extension until the responses were made. If plaintiff was unhappy with the timing of defendant's responses, he should have filed a motion to compel, but only after first conferring with defendant in attempt to resolve the issue without court involvement. See Fed. R. Civ. P. 37(a)(1); Civil L.R. 37.1 (E.D. Wis.). Here, the parties did confer, and they worked out their differences without the need for a motion to compel or court action – plaintiff received his responses and the statements, and neither side suffered any prejudice as a result of the delay.

Third, although plaintiff says this case is like Ward v. Soo Line Railroad Corp., 500 F.3d 559 (7th Cir. 2007), in which the Seventh Circuit affirmed a district court's imposition of sanctions on the plaintiff's lawyer for trying to conceal documents during discovery, it is not. In the present case, there is no evidence that defendant was trying to conceal plaintiff's statements. In fact, since plaintiff's lawyer asked to see the statements at the start of the deposition, it appears as though he knew that they existed all along. Further, once plaintiff reminded defendant that its discovery responses were outstanding, defendant promptly produced the statements. Thus, this is not a case in which "[t]he district court could and did conclude that [an attorney] deliberately concealed documents known to favor the adversary." Id. at 564.

In the very last sentence of defendant's brief – almost as an afterthought – defendant "requests [that] the court impose costs, including actual attorney fees in defending this motion." (Br. in Opp'n at 5.) Defendant cites no statute, rule of civil procedure, or case law

authorizing me to impose such costs and attorneys fees. Plaintiff did not file a motion to compel, and thus Rule 37(a)(5)(B), which allows a court to award costs and fees to a party who successfully opposes a motion to compel, would not on its face seem to apply to the present situation. Maybe Rule 37(a)(5)(B) should be interpreted to apply to the present circumstances, or maybe Fed. R. Civ. P. 11 supplies the governing framework. The range of possibilities underscores the need for a party to specify the legal authority on which it relies when it requests that the court grant it affirmative relief. Since so many rules <u>might</u> apply, courts rely on the parties to narrow the possibilities to those that they actually had in mind. In the absence of such specificity and the development of an argument on the issue, I decline to order plaintiff to pay fees and costs.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for sanctions is **DENIED**.

Dated at Milwaukee, Wisconsin, this 22 day of July, 2008.

/s
LYNN ADELMAN
District Judge