# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**CHRIS STREETER,**
                    **Plaintiff,**

          **v.**                                              **Case No. 07-C-299**

**CANADIAN PACIFIC RAILROAD,**
**SOO LINE RAILROAD and**
**CP RAIL SYSTEMS,**
                    **Defendants.**

---

## DECISION AND ORDER

Plaintiff Chris Streeter brings this action against defendants Canadian Pacific Railroad, Soo Line Railroad and CP Rail Systems (collectively defendant), seeking damages for injuries incurred as a result of defendant's alleged violation of the Locomotive Inspection Act ("LIA") (formerly the Boiler Inspection Act ("BIA")), 49 U.S.C. § 20701 et seq., the regulations implementing it, 49 C.F.R. pt. 229, and the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 et seq. Before me now is defendant's motion for summary judgment.

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In evaluating defendant's motion, I draw all inferences in the light most favorable to plaintiff. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Plaintiff presents evidence that on April 6, 2004, he was employed by defendant and was serving as the conductor of a movement of two locomotives. A fire started in one of

them, possibly in the dynamic brake grids,[*] and plaintiff ran to a nearby locomotive to retrieve a fire extinguisher to fight the fire. While exiting the nearby locomotive with a fire extinguisher, plaintiff entangled his foot in its ladder and twisted his knee, requiring him to undergo several operations.

Plaintiff argues that the fire on the locomotive was a violation of the LIA. An LIA violation is negligence per se under FELA. Coffey v. Ne. Ill. Reg'l Commuter R.R. Corp. (METRA), 479 F.3d 472, 474 (7th Cir. 2007). I am to construe the LIA liberally "in the light of its prime purpose, the protection of employees and others by requiring the use of safe equipment." Lilly v. Grand Trunk W. R. R. Co., 317 U.S. 481, 486 (1943). The LIA allows a railroad to use a locomotive only when it and "its parts and appurtenances – (1) are in proper condition and safe to operate without unnecessary danger of personal injury." 49 U.S.C. § 20701. Thus, the LIA is violated whenever a railroad uses a locomotive that is not in proper condition and safe to operate without unnecessary danger of personal injury. Plaintiff's theory of the case is that a locomotive that is on fire is not in proper condition and safe to operate without unnecessary danger, and that therefore whenever a fire breaks out on a locomotive that is in use, a railroad will be found to have violated the LIA. This is so, argues plaintiff, even if the fire was not caused by the railroad's negligence, a defective component within the locomotive, or any other violation of a statute or regulation governing rail safety.

Defendant does not meaningfully respond to plaintiff's argument. Instead, defendant seems to assume (without presenting any argument or supporting authority) that plaintiff must prove that the fire was caused by a defect or some other violation of law, and that the fire itself cannot constitute a violation of the LIA. However, the plain text of the LIA prohibits the

---

[*]The cause of the fire is disputed, but no one contends that it was caused by anything external to the locomotive, such as a saboteur.

use of a locomotive that is unsafe, and of course a locomotive that is on fire is unsafe. Further, although defendant argues that the locomotive was perfectly safe and functioning properly immediately before the fire started, the LIA "imposes upon the carrier an absolute and continuing duty to maintain the locomotive, and all parts and appurtenances thereof, in proper condition, and safe to operate . . . without unnecessary peril to life or limb." Lilly, 317 U.S. at 485 (quoting S. Ry. Co. v. Lunsford, 297 U.S. 498, 401 (1936)); see also McGinn v. Burlington N. R.R. Co., 102 F.3d 295, 299 (7th Cir. 1996) ("[T]the BIA imposes upon rail carriers an absolute duty to maintain the parts and appurtenances of their locomotives in safe and proper condition."). Thus, a railroad will be liable for an unsafe condition even if the locomotive functioned properly immediately before and after the accident. Richardson v. Consol. Rail Corp., 17 F.3d 213, 217 (7th Cir. 1994). Likewise, "[a] plaintiff need not show that an improper or unsafe operation was caused by negligence; proving the improper or unsafe operation 'is effective to show negligence as a matter of law.'" Id. at 216 (quoting Urie v. Thompson, 377 U.S. 163, 189 (1949)). Finally, "when a part or appurtenance of a locomotive does not perform properly, the injured employee need not prove the existence of a defect." Elston v. Union Pac. R.R. Co., 74 P.3d 478 (Colo. Ct. App. 2003) (citing S. Ry. v. Bryan, 375 F.2d 155 (5th Cir. 1967)). Rather, "evidence that the equipment failed to perform as required is sufficient to create liability under FELA for an LIA violation." Id. (citing Grogg v. Mo. Pac. R.R., 841 F.2d 210 (8th Cir. 1988)). See also Givens v. Missouri-Kansas-Texas R. Co. of Tex., 195 F.2d 225 (5th Cir. 1952) (holding carrier liable for failure of locomotive to function even though plaintiff could not prove cause of failure).

In the present case, plaintiff presents evidence that the locomotive failed to perform as required – specifically, that it was on fire when it was not supposed to be. Defendant has not developed any argument or cited any authority in support of its assumption that a fire

cannot by itself constitute an unsafe condition in violation of the LIA. Therefore, defendant is not entitled to summary judgment on this issue.

Defendant also argues that plaintiff cannot prove that the fire caused his injuries. However, it is undisputed that the fire caused plaintiff to run to a nearby locomotive and retrieve a fire extinguisher. Plaintiff was injured on his way back to the locomotive to fight the fire. Certainly a reasonable jury could conclude that but for the fire plaintiff would not have been injured. Defendant's argument is that even though the fire was a cause-in-fact of plaintiff's injuries, the series of events set in motion by the fire was broken once plaintiff moved a safe distance away from the fire. Defendant contends that a new chain of causation commenced once plaintiff decided to retrieve the fire extinguisher and return to the locomotive. Essentially, defendant argues that although the fire was a cause-in-fact of plaintiff's injuries, it was not a proximate cause of such injuries.

Defendant's argument is not supported by principles of causation under FELA. To prove causation under FELA, a plaintiff need only show that the statutory violation "played any part, even the slightest, in producing the injury." McGinn, 102 F.3d at 300 (citing Rogers v. Mo. Pac. R.R. Co., 352 U.S. 500, 506 (1957)). Further, a plaintiff "is not required to prove common-law proximate causation but only that his injury resulted in whole or in part from the railroad's [statutory violation]." Crane v. Cedar Rapids & Iowa City Ry. Co., 395 U.S. 164, 166 (1969) (internal quotation marks omitted); see also Lisek v. Norfolk & W. Ry. Co., 30 F.3d 823, 826 n.4 (7th Cir. 1994) (same); Elston, 74 P.3d at 485 (same). Finally, courts have found FELA's relaxed standard of causation satisfied under circumstances in which the injury was much more remote from the statutory violation than in the present case. See, e.g., Givens, 195 F.2d at 230 (finding that employee suffering frostbite from being exposed to cold for several hours after train broke down as a result of a BIA violation could establish that the

violation caused the frostbite); <u>Elston</u>, 74 P.3d at 484-85 (finding that plaintiff who slipped and fell on his way back from attending to an LIA violation could establish that the violation itself was a cause of his injuries). Therefore, defendant is not entitled to summary judgment on this issue.

Lastly, defendant claims that plaintiff has failed to produce sufficient evidence regarding "permanency." (Def.'s Br. in Supp. at 9-10.) However, plaintiff's medical expert (Dr. Gates) opines as to the cause, nature and extent of plaintiff's injuries, and the jury will be allowed to consider his opinions when awarding damages, including damages for future medical expenses, future pain and suffering, and loss of earning capacity. Defendant's use of the term "permanency" is not precise, and from its argument I can identify no issue relating to damages on which summary judgment would be appropriate.

Therefore, for the reasons stated, **IT IS ORDERED** that defendant's motion for summary judgment is **DENIED**. The court will hold a telephonic status conference on **April 29, 2009 at 10:30 a.m.** to schedule further proceedings. The court will initiate the call.

Dated at Milwaukee, Wisconsin, this 22 day of April. 2009.


/s_____
LYNN ADELMAN
District Judge