# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**CHRIS STREETER,**
              **Plaintiff,**

      v.                                                            Case No. 07-C-299

**CANADIAN PACIFIC RAILROAD,**
**SOO LINE RAILROAD and**
**CP RAIL SYSTEMS,**
              **Defendants.**

---

## DECISION AND ORDER

        Plaintiff Chris Streeter brought this action against his employers, defendants Canadian Pacific Railroad, Soo Line Railroad and CP Rail Systems (collectively "Soo Line"), seeking damages under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 et seq., for knee injuries that he allegedly sustained while fighting a fire on a Soo Line locomotive. The case was tried to a jury, and I submitted a special verdict asking the jury to determine whether Streeter had injured his knee while fighting the fire and, if so, the amount of Streeter's damages. (I had determined prior to trial that Soo Line was liable under FELA for any injuries that Streeter had sustained while fighting the fire.) The jury found that the incident was not a cause of Streeter's injuries, and Streeter now moves for a new trial under Federal Rule of Civil Procedure 59 on the ground that this finding was "against the manifest weight of the evidence." King v. Harrington, 447 F.3d 531, 534 (7th Cir. 2006).

        At trial, the jury heard Streeter testify that on April 6, 2004, he was involved in a movement of locomotives in Soo Line's yard when one of them caught on fire. He helped

extinguish the fire by retrieving fire extinguishers from other locomotives and bringing them to a co-worker, who was on the locomotive that was on fire. As Streeter was coming down the stairs or ladder on a nearby locomotive with a fire extinguisher, he caught his foot and fell, twisting his right knee in the process. Streeter testified that he felt his knee "twinge" or "pop" during the fall. However, Streeter was able to get up and continue fighting the fire. After the fire was extinguished, both Streeter and his co-worker were taken to a hospital for examination. Streeter received treatment for smoke inhalation and an injury to his eye,[1] but he did not complain of pain to his knee or otherwise receive treatment for a knee injury. Although Streeter testified that he began feeling pain in his knee immediately after the work-related incident, he did not tell his co-workers that he injured his knee, and he continued to work without complaining about his knee for eight days following the incident. Then, on about April 14th, Streeter fell down the stairs at his home after his right knee buckled while he was standing at the top of the stairway. Following this incident at home, Streeter went to his doctor and was diagnosed with a torn ACL and a torn medial meniscus. After receiving this diagnosis, Streeter reported his knee injuries to Soo Line and claimed that he had sustained them while fighting the locomotive fire on April 6th.

Streeter argued to the jury that even if the fall at home aggravated his injuries, the twisting that occurred during the fall from the locomotive at least played a part in causing the injuries to his ACL and meniscus. Soo Line argued that Streeter did not injure his knee at all during the work-related incident and that the fall at home was the sole cause of his injuries. Consistent with Streeter's proposed jury instructions, the jury was instructed to

---

[1]Streeter did not ask the jury to award him damages for smoke inhalation or the eye injury.

find that the work-related incident was a cause of Streeter's injuries if it played any part, no matter how small, in bringing about the injuries. The jury was also instructed that there can be more than one cause of an injury. (See Jury Instructions [Docket #111] at 13-14.)

In order to support his position as to causation, Streeter offered expert testimony from Dr. Dennis Gates, an orthopedic surgeon who Streeter retained for the purpose of giving opinions at trial. In ruling on a motion in limine prior to trial, I determined that Gates would not be allowed to give an opinion on the cause of Streeter's knee injuries. (See Dec. & Order of July 14, 2010 [Docket #102] at 2-3.) This was because Gates had not disclosed a reliable methodology for forming an opinion as to which incident caused the injuries. See Fed. R. Evid. 702. Rather, as far as the record revealed, Gates simply took Streeter's history and assumed that his statement about injuring his knee during the work-related incident was true. However, I allowed testimony as to whether Streeter's injuries were consistent with his having twisted his knee in the manner he testified he twisted it during the fall from the locomotive. Thus, I allowed Gates to opine at trial that Streeter's ACL and meniscus tears could have been caused by twisting but not by buckling, and Gates did so testify. (Trial Transcript [Docket #130] at 44-46.)

Streeter also offered testimony from his treating orthopedic surgeon, Dr. Michael Mannebach. Mannebach testified that Streeter had sustained a "twisting" injury to his right knee. (Mannebach Testimony [Docket #116] at 6.[2]) Mannebach also testified that, according to what Streeter had told him, Streeter twisted his knee during both the fall from the locomotive and the fall at his home. (Id. at 22.) Finally, he testified that it was possible

---

[2]Mannebach's testimony was offered by video; the transcript of the video shown to the jury is Docket #116.

3

that the fall at home aggravated injuries that Streeter initially sustained during the work-related incident. (Id. at 22-23.)

Plaintiff's key evidence about causation was his cross examination of Soo Line's retained orthopedic surgeon, Dr. Dennis Haskell. Haskell had stated in his report that the work-related incident was the cause of Streeter's knee injuries, and at trial he confirmed this part of his report, as follows:

> Q. Now is it fair to say that you had a sufficient understanding of the history of Mr. Streeter's knee injury to render an opinion on what the cause of the torn ACL and medial meniscus were?
>
> A. Yes.
>
> Q. In fact, one of the things that [Soo Line] asked you to look at in this case was what was the cause of Mr. Streeter's knee injury; correct?
>
> A. Yes.
>
> Q. And in order to make that opinion in your June 24th of 2008 letter, you needed to look at the, one of the things was the history of the injury; correct?
>
> A. Yes.
>
> Q. And so you took a history from Mr. Streeter; correct?
>
> A. Yes.
>
> Q. And you looked at the histories that Mr. Streeter had given to his treating physicians; correct?
>
> A. Yes.
>
> Q. And, Doctor, if you did not have sufficient information to make an opinion on the cause of Mr. Streeter's knee injury, you would have said that in your report; correct?
>
> A. Correct.

> Q. But based on your June 24th, 2008 report, you had enough information to give us an opinion on causation; correct?
>
> A. Yes.
>
> Q. And, Doctor, your opinion was that the work-related incident on April 6th of 2004 caused the ACL and meniscus injury to Mr. Streeter's knee; correct?
>
> A. Yes.
>
> Q. And that was that while Mr. Streeter was fighting this fire, he caught his foot in the steps of the locomotive and twisted his knee?
>
> A. Yes.
>
> Q. And that is your careful and considered opinion according to your report; correct?
>
> A. Yes.

(Haskell Testimony [Docket #114] at 35-37 (overruled objections omitted).[3])

Streeter argues that in light of the above testimony, the jury's conclusion that Streeter did not meet his burden to prove that the work-related incident was a cause of his knee injuries was against the manifest weight of the evidence. I disagree. Gates and Mannebach testified that Streeter's injuries were caused by a twisting motion, but the evidence indicated that Streeter twisted his knee during both the work-related incident and the incident at home. (Although Streeter did not himself testify that he twisted his knee during the incident at home, his treating orthopedic surgeon, Mannebach, testified that Streeter reported twisting his knee during the incident at home.) Haskell did opine that the work-related incident caused the knee injuries, but the jury did not have to blindly accept

---

[3]As with Mannebach, Haskell's testimony was offered by video, and the transcript of the video is in the record. (Docket #114.)

5

that testimony. And it was evident from Haskell's testimony that his conclusion was based on nothing more than what Streeter had told him and his other doctors during history-taking. Although Haskell testified that he had enough information to render an opinion as to cause, it was obvious that if what Streeter had reported during his histories was false, then Haskell's opinion as to causation would be worthless. Thus, the most the jury could have concluded from Haskell's testimony was that if what Streeter said happened actually happened, then the work-related incident was a cause of Streeter's knee injuries.

In the end, then, the issue of causation turned on whether the jury believed Streeter when he said that he twisted his knee while fighting the fire and that he began to feel pain in his knee immediately after that incident. But when Streeter was taken to the hospital immediately after fighting the fire, he did not say he twisted his knee or complain of knee pain, and he continued to work for eight days without complaining about knee pain or reporting any such pain to his supervisors or anyone else at the Soo Line. Only after the incident at home did Streeter tell anyone that he hurt his knee while fighting the fire.[4] Given this sequence of events, the jury could have found that Streeter did not twist or injure his knee during the work-related incident, and I cannot say that this finding was against the manifest weight of the evidence.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for a new trial is **DENIED**.

---

[4]Streeter points out that the Soo Line accident report stated that Streeter injured his knee while fighting the fire. But this report was not prepared until after the incident at home, and no evidence indicates that the author of the report did anything other than record the fact that Streeter said he injured his knee while fighting the fire. Thus, the accident report does not shed any light on whether Streeter actually injured his knee during the fire rather than at home. It tells us only what we already know – that Streeter claims to have injured his knee while fighting the fire.

**IT IS FURTHER ORDERED** that defendants' motion to strike plaintiff's reply brief is **DENIED** and that plaintiff's motion for leave to file his reply brief is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 28th day of April, 2011.

/s_____
LYNN ADELMAN
District Judge